UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:17-CV-00267-BR

| | | |
|---|---|---|
| PLASTIC FUSION FABRICATORS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| DAM-IT DAMS, INC., | ) ) ) | |
| Defendant. | ) | |

This matter is before the court on Dam-It Dams, Inc.'s ("defendant") motion to dismiss this action for Plastic Fusion Fabricators, Inc.'s ("plaintiff") failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE # 9.) Plaintiff has filed a response in opposition to the motion. (DE # 12.) Defendant has filed a reply. (DE # 14.) Thus, the motion has been fully briefed and is ripe for disposition.

## I. BACKGROUND

Plaintiff's complaint is related to an employee's worksite injury allegedly caused by defendant's negligence. Defendant, pursuant to a purchase order agreement with plaintiff, provided plaintiff a ten-foot cofferdam, which plaintiff used when attempting to replace a pond liner on 1 and 2 May 2014. (Compl., DE #1-1, ¶¶ 10, 11, 15, 16.) After plaintiff began filling the cofferdam with water, on 2 May 2014, the cofferdam burst and injured the right knee of Andres Rodriguez-Diaz, one of plaintiff's employees. (Id. ¶¶ 16–18.) As a result of Rodriguez-Diaz's worksite injury, plaintiff's workers' compensation insurer, North River Insurance Company ("North River"), paid Rodriguez-Diaz workers' compensation benefits. (Id. ¶¶ 19–

20.) Plaintiff alleges that North River has the right to proceed in plaintiff's name to enforce defendant's liability.[1] (Id. ¶ 22.)

Prior to filing suit, plaintiff sought "Rodriguez Diaz's cooperation with [its] subrogation claim" by repeatedly attempting to contact him. (Id. ¶ 33.) However, Rodriguez-Diaz refused to cooperate. (Id.) On 28 April 2017, plaintiff filed this complaint in North Carolina state court. Plaintiff asserts a negligence claim against defendant, contending that defendant negligently supplied it with a defective cofferdam and breached defendant's duties to plaintiff and Rodriguez-Diaz. (Id. ¶¶ 24–28.) Plaintiff seeks to recover damages, including the workers' compensation payments made to Rodriguez-Diaz. (Id. ¶ 30.) Plaintiff also asserts a "claim" for joinder of Rodriguez-Diaz as a party-plaintiff. (Id. ¶ 34.) On 2 June 2017, defendant removed the action to this court.

On 7 July 2017, defendant moved to dismiss plaintiff's complaint on several grounds: (1) plaintiff lacks standing under North Carolina's workers' compensation statutes to bring a claim; (2) the statute of limitations bars plaintiff's claim; (3) plaintiff cannot join Rodriguez-Diaz because plaintiff does not have the right to bring this action; and (4) res judicata bars plaintiff's claim. Plaintiff's arguments in opposition to the motion largely center on the joinder of Rodriguez-Diaz as a party to this action.

## II. STANDARD OF REVIEW

Rule 12(b)(6) permits a court to dismiss a complaint that does not "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Under this standard, the plaintiff's complaint must make factual allegations that are

---

[1] Plaintiff alleges that North River settled Rodriguez-Diaz's workers' compensation claim. (Compl., DE # 1-1, ¶ 21.)

"enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. When considering a motion to dismiss, the court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007).

### III. ANALYSIS

#### A. Motion to Dismiss

Defendant's statutory standing defense to plaintiff's negligence claim resolves its motion to dismiss.[2] It is based on one of North Carolina's workers' compensation statutes, § 97-10.2. That statute "defines the rights and remedies of employees and employers against third-party tort-feasors." Radzisz v. Harley Davidson of Metrolina, Inc., 484 S.E.2d 566, 568 (N.C. 1997). The relevant portions of the statute are as follows:

> (a) The right to compensation and other benefits under this Article for disability, disfigurement, or death shall not be affected by the fact that the injury or death was caused under circumstances creating a liability in some person other than the employer to pay damages therefor, such person hereinafter being referred to as the "third party." The respective rights and interests of the employee-beneficiary under this Article, the employer, and the employer's insurance carrier, if any, in respect of the common-law cause of action against such third party and the damages recovered shall be as set forth in this section.
>
> (b) The employee . . . shall have the exclusive right to proceed to enforce the liability of the third party by appropriate proceedings if such proceedings are instituted not later than 12 months after the date of injury . . . . During said 12-month period, and at any time thereafter if summons is issued against the third party during said 12-month period, the employee . . . shall have the right to settle with the third party and to give a valid and complete release of all claims to the third party by reason of such injury . . . .
>
> (c) If settlement is not made and summons is not issued within said 12-month period, and if employer shall have filed with the Industrial Commission a written

---

[2] A lack of statutory standing is properly evaluated on a Rule 12(b)(6) motion. See CGM, LLC v. BellSouth Telecomms., Inc., 664 F.3d 46, 52 (4th Cir. 2011) ("'[A] dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim.'" (quoting Baldwin v. Univ. of Pittsburgh Med. Ctr., 636 F.3d 69, 73 (3d Cir. 2011)).

admission of liability for the benefits provided by this Chapter, then either the employee or the employer shall have the right to proceed to enforce the liability of the third party by appropriate proceedings; either shall have the right to settle with the third party and to give a valid and complete release of all claims to the third party by reason of such injury . . . . Provided that 60 days before the expiration of the period fixed by the applicable statute of limitations if neither the employee nor the employer shall have settled with or instituted proceedings against the third party, all such rights shall revert to the employee . . . .

(d) The person in whom the right to bring such proceeding or make settlement is vested shall, during the continuation thereof, also have the exclusive right to make settlement with the third party and the release of the person having the right shall fully acquit and discharge the third party . . . . A proceeding so instituted by the person having the right shall be brought in the name of the employee . . . and the employer or the insurance carrier shall not be a necessary or proper party thereto. If the employee . . . shall refuse to cooperate with the employer by being the party plaintiff, then the action shall be brought in the name of the employer and the employee . . . shall be made a party plaintiff or party defendant by order of court.
. . .
. . . .

(g) The insurance carrier affording coverage to the employer under this Chapter shall be subrogated to all rights and liabilities of the employer hereunder but this shall not be construed as conferring any other or further rights upon such insurance carrier than those herein conferred upon the employer, anything in the policy of insurance to the contrary notwithstanding.

N.C. Gen. Stat. § 97-10.2 (2017).

Section 97-10.2 creates three distinct time periods to bring an action against potentially liable third parties—the party with the right to initiate the lawsuit changes as each time period changes. First, during the twelve months immediately following the employee's injury, only the employee may sue the third party. Id. § 97-10.2(b); Key Risk Ins. Co. v. Peck, 797 S.E.2d 354, 356 (N.C. Ct. App. 2017). Second, if the employee does not file suit in those first twelve months, and the employer admits in writing to the Industrial Commission liability for workers' compensation benefits, then both the employer and employee have the right to sue the third party. N.C. Gen. Stat § 97-10.2(c); Peck, 797 S.E.2d at 356–57. They share this right during the period between the first twelve months following the injury and the sixty-day period before the

4

applicable statute of limitations runs.  Id.  Third, if the neither the employer or employee has filed a lawsuit before the last sixty days of the statute of limitations period, only the injured employee may bring the action against the potentially liable third party during the remaining time.  N.C. Gen. Stat. § 97-10.2(c); Peck, 797 S.E.2d at 357 ("If neither the employee nor the employer have instituted an action against the third-party tortfeasor prior to sixty days before the expiration of the applicable statute of limitations, the right to bring the action reverts exclusively to the employee.").

Defendant argues that plaintiff did not have the right to sue defendant, a potentially liable third party, on the date plaintiff filed the complaint.  Both parties agree that the statute of limitations is three years, beginning on the date of the injury.  (See DE # 10, at 5; DE # 12, at 18.)  See also N.C. Gen. Stat. § 1-52(16) (2017); Grant Const. Co. v. McRae, 553 S.E.2d 89, 91 (N.C. Ct. App. 2001) (acknowledging that section 97-10.2 actions must be "file[d] . . . within the three-year statute of limitations prescribed by N.C. Gen.[]Stat. § 1–52").  Therefore, the statute of limitations began running on the date of Rodriguez-Diaz's injury, which was 2 May 2014.  Assuming plaintiff filed with the Industrial Commission a written admission of liability for workers' compensation benefits, plaintiff could have sued defendant any time from 2 May 2015 (one year after the date of the injury) until 2 March 2017 (sixty days prior to the end of the three-year statute of limitations).  See id.  However, plaintiff filed its complaint on 28 April 2017, outside the time period when it had the right to bring this action.  On that date, the right to bring this action had reverted exclusively to Rodriguez-Diaz.

The fact that Rodriguez-Diaz had refused to cooperate with plaintiff at the time plaintiff filed the complaint does not save its negligence claim.  Under the plain language of the statute, "the person having the right" to bring the proceeding against the third party must bring it in the

employee's name or, if the employee refuses to cooperate, in the employer's name. Id. § 97-10.2(d); see also Peck, 797 S.E.2d at 357. Although plaintiff alleges in the complaint that Rodriguez-Diaz refused to cooperate, it did not have the right to bring an action at the time it filed its complaint. Therefore, bringing the proceeding in plaintiff's own name, i.e., the employer's name, and prior to the expiration of the three-year statute of limitations makes no difference. In sum, plaintiff lacks standing to bring a negligence claim against defendant.

### B. Joinder of Rodriguez-Diaz

Rodriguez-Diaz now has agreed to allow plaintiff to bring a negligence claim in his name and on his behalf. (See DE # 12-4.) In its response, plaintiff requests that it be allowed to amend its complaint to join Rodriguez-Diaz as a party-plaintiff under the Federal Rules of Civil Procedure, namely Rules 15 and 17.[3] Courts often apply these rules in tandem. See Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc., 271 F.3d 164, 170-71 (4th Cir. 2001) (analyzing the advisory committee's notes to Rules 15 and 17 and explaining their intertwined nature); Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 19 (2d Cir. 1997) (applying Rules 15(a) and 17(a) together because "[t]he history of the Rules makes clear not only that Rule 15 was meant to be generally applicable to a proposed change of plaintiffs, but that in this regard Rule 17(a) is implicated as well . . . ."); 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1501 (3d ed. 2017) (providing examples of courts applying Rules 15(a) and 17(a) together when deciding whether to add a party-plaintiff). Consequently, the court will consider these rules together.

---

[3] Plaintiff also cites to Rule 19 in support of joinder, but it does not make any argument as to why Rule 19, which concerns necessary and indispensable parties, see Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 433 (4th Cir. 2014), applies.

6

Rule 15(a) directs that "the court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), and it is liberally applied, Cook v. Howard, 484 F. App'x 805, 814 (4th Cir. 2012). "Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment.'" Booth v. Maryland, 337 F. App'x 301, 312 (4th Cir. 2009) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Rule 17(a) prohibits the court from "dismiss[ing] an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). Then, upon joinder of the "real party in interest," "the action proceeds as if it had been originally commenced by the real party in interest." Id. The rule "is 'intended to insure against forfeiture and injustice' in cases where 'an honest mistake has been made in choosing the party in whose name the action is to be filed.'" Intown, 271 F.3d at 170 (quoting Fed. R. Civ. P. 17 Advisory Committee's Note (1966)). However, if the moving party knew who the real party in interest was, yet brought suit in its own name, then the movant has not made an honest mistake, and Rule 17 does not apply. See id. at 171 (affirming the district court's denial of a non-party's motion to join an action under Rule 17 where the non-party "had notice of [the] action from an early date, and yet failed to seek to join the [action] until after the limitations problem with its own [separate] action became apparent"); United States ex rel. Wulff v. CMA, Inc., 890 F.2d 1070, 1074–75 (9th Cir. 1989) (recognizing that Rule 17 does not apply because the plaintiffs' "persistent efforts to obtain an assignment from [the proper party] of this claim, efforts which

7

were eventually successful—though untimely—show that [the plaintiffs] were aware that [the proper party] was the real party in interest"); Metal Forming Techs., Inc. v. Marsh & McLennan Co., 224 F.R.D. 431, 437 (S.D. Ind. 2004) (concluding substitution of a party plaintiff was unavailable under Rule 17 because "[i]f Plaintiffs did in fact undertake legal research on this issue prior to filing this action, Plaintiffs must have failed to notice, ignored or rejected the recent cases directly on point stating that the assignee, not the assignor, must be the plaintiffs . . . [and still] chose to sue in Plaintiffs' names knowing that . . . Plaintiffs [did not] own[] the claims") (alterations and internal quotation marks omitted).

In this case, justice does not require granting plaintiff leave to amend. First, plaintiff did not make an honest mistake as to the real party in interest or the proper party's identity when filing the complaint. As recognized earlier, only Rodriguez-Diaz had the right to bring this lawsuit when plaintiff filed it. Plaintiff does not dispute this. Given plaintiff's "repeated requests for [Rodriguez-Diaz's] cooperation," (DE # 12, at 12), and its "claim" to join him, plaintiff knew he was the real party in interest. Second, plaintiff is in this precarious position because of its failure to act diligently. Plaintiff—for almost a year—had the right to bring this action; Rodriguez-Diaz's cooperation was not required. Plaintiff could have filed the action in its own name during this time and had the court join Rodriguez-Diaz by order. See N.C. Gen. Stat. § 97-10.2(d). Instead, plaintiff, when filing its complaint, tried to use this statutory mechanism in an untimely fashion—the time period during which it had the right to sue had expired. Finally, joining Rodriguez-Diaz as party would not mean he simply steps into the shoes of plaintiff. His claim and plaintiff's claim are not necessarily one in the same. Any claim Rodriguez-Diaz has against defendant is direct, whereas the claim plaintiff had was based on its being subrogated to the rights of Rodriguez-Diaz's employer against defendant. Rodriguez-

8

Diaz's claim was not pled in the complaint, and therefore, defendant was not on notice of it. Considering all the circumstances, the court declines to permit Rodriguez-Diaz to join this action.[4]

## IV. CONCLUSION

Accordingly, defendant's motion to dismiss is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE.

This 5 January 2018.

_____
W. Earl Britt
Senior U.S. District Judge

---

[4] Plaintiff devotes much time to arguing that under Rule 15(c), any amendment of the complaint would relate back to the date the original complaint was filed. However, whether an amendment relates back is not an issue until amendment is permitted in the first instance (or the court considers whether the statute of limitations has expired for purposes of determining whether amendment would be futile). See Joseph v. Elan Motorsports Techs. Racing Corp., 638 F.3d 555, 558 (7th Cir. 2011) ("Rule 15(c) is about relation back of amendments; it is not about whether to permit an amendment, which is the subject of Rules 15(a) and (b)."); Barnes v. Prince George's Cty., Md., 214 F.R.D. 379, 380 (D. Md. 2003) ("One circumstance rendering amendment futile is when the statute of limitations has run and the amendment would not relate back under Rule 15(c)").